**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Pacific Channels Groups,<br><br>                        Plaintiff,<br><br>v.<br><br>United States Department of Homeland Security, Customs and Border Protection; Mark Nackman, *Director of Fines, Penalties and Forfeitures at John F. Kennedy International Airport*,<br><br>                        Defendants. | Civ. No. 07-2106 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

Feng Li, Esq.
1719 Route 10 East, Suite 318
Parsipany, NJ  07054

    *Attorney for Plaintiff*

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY for the District of New Jersey
by James B. Clark, Esq.
970 Broad Street, Suite 700
Newark, NJ  07102

    *Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

This matter involves the forfeiture of beaded handbags that were imported by Pacific Channels Groups and seized by Customs and Border Protection at John F. Kennedy International Airport for violating federal trademark laws. Now before the Court is Defendants' United States Department of Homeland Security, Customs and Border Protection, and Mark Nackman[1] ("Defendants") motion, pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's, Pacific Channels Groups ("Pacific"), Complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim on which relief can be granted. Pacific's Complaint alleges that this Court has subject matter jurisdiction under the provisions of federal law that permit district courts to review administrative decisions and seeks relief from an allegedly improper administrative forfeiture by Customs and Border Protection and the subsequent imposition of civil penalties.

For the reasons stated below, the Court concludes that the Court of International Trade has exclusive jurisdiction over this dispute. Therefore, this Court lacks subject matter jurisdiction and Pacific's Complaint must be dismissed.[2]

## I. BACKGROUND

Pacific Channels Groups, a limited liability company with offices in Edison, New Jersey, imports beaded, embroidered, and floral handbags from China for sale in the United States. On March 4, 2004, Customs and Border Protection ("CBP") seized a shipment of Pacific's beaded

---

[1] Mark Nackman is the Director of Fines, Penalties and Forfeitures Office at John F. Kennedy International Airport for the U.S. Customs and Border Protection, Department of Homeland Security. Pacific's Complaint does not specify whether Defendant Nackman is being sued in his official or individual capacity.

[2] Because the Court lacks subject matter jurisdiction, there is no need to address Defendants' arguments that Pacific has failed to state a claim on which relief can be granted.

handbags that had arrived at John F. Kennedy ("JFK") International Airport's port of entry. CBP seized the shipment of 330 handbags because it believed that the handbags' plaid design infringed the "Burberry" trademark and that the handbags were counterfeit productions. The handbags were seized pursuant to 19 U.S.C. § 1526(e), which authorizes CBP agents to seize any merchandise bearing a counterfeit trademark that is imported into the United States.[3] According to § 1526(e), after counterfeit goods are seized, the owner of the trademark must be notified and, if written consent from the trademark owner is not provided, then the merchandise must be forfeited and destroyed.

In the following weeks, CBP's Penalties and Forfeiture Office at JFK sent two letters: one to Pacific, the purported owner of the seized handbags, and the other to representatives of Burberry Limited. The letter to Pacific stated that its shipment of handbags had been seized by CBP in accordance with § 1526(e) because the items were considered to be counterfeit merchandise. The letter also advised Pacific that it could petition for remission of forfeiture within thirty days of the date of the letter, but that if no petition was filed, then the merchandise would be disposed of in accordance with Customs Regulations. The letter to Burberry Limited informed Burberry that CBP had seized goods bearing a Burberry trademark that CBO believed to be counterfeit.

Within thirty days of the receipt of CBP's letter, Pacific filed a petition for remission of

---

[3] The Lanham Act, which is codified in Title 15 of the United States Code, establishes the federal law governing trademarks. Within the Lanham Act, 15 U.S.C. § 1124 provides that no article of merchandise that copies or simulates a registered trademark shall be admitted into a United States Customhouse. If merchandise is imported into the United States in violation of 15 U.S.C. § 1124, then CBP has the authority under 19 U.S.C. § 1526(e) to seize the offending merchandise.

forfeiture with the CBP Director of Fines, Penalties and Forfeiture at JFK. Pacific's petition stated that the goods seized were not counterfeit, but merely products of Pacific's own creation, and requested that the goods be released to Pacific. CBP denied Pacific's request, determining that Pacific's handbags were counterfeit, despite Pacific's statements to the contrary, because Pacific did not submit express written permission from the trademark owner and because Burberry had not provided CBP with authorization to release the seized merchandise. The letter from CBP to Pacific that related CBP's decision further advised Pacific that, because CBP had determined the merchandise to be counterfeit, it would commence administrative forfeiture proceedings thirty days from the date of the letter and then destroy the merchandise.

After receiving notice of CBP's decision, Pacific filed a supplemental petition for remission of forfeiture. The supplemental petition reiterated Pacific's previous statement that the handbags were not counterfeit and included a photograph in an attempt to demonstrate that the plaid on Pacific's handbags differed from the Burberry plaid and that the material and color of Pacific's handbags were distinct from Burberry's handbags. The Director of Fines, Penalties and Forfeiture at JFK referred the matter to the National Seizures and Penalties Officer ("NSPO") and forwarded Pacific's supplemental petition for the NSPO's review.

On April 1, 2005, the NSPO affirmed the JKF Director's determination that the seized handbags were counterfeit and an infringement of Burberry's trademark because of their likeness to Burberry handbags. The NSPO therefore concluded that no relief was warranted on Pacific's supplemental petition. Pacific was informed of the NSPO's decision by letter and reminded that, because of the determination that the handbags were counterfeit, CBP would commence with administrative forfeiture proceedings and destroy the merchandise.

The Director of Fines, Penalties and Forfeiture at JFK then sent Pacific a final administrative action notice that again advised Pacific that the seized handbags would be forfeited and informed Pacific that in order to halt the forfeiture, it must file a claim with the Director of Fines, Penalties and Forfeiture at JFK and post a cash bond within twenty days.  The notice further stated that if no claim was filed by July 28, 2008, the merchandise would be forfeited.  Finally, the notice explained that the filing of a claim and the posting of a bond did not entitle the claimant to a return of the property, but merely to a review of the matter in federal court.

When Pacific did not file a claim within the allotted time period,[4] CBP forfeited the seized handbags.  All but three of the 330 handbags in the shipment were destroyed on October 4, 2005.  The three handbags that were not destroyed were placed in a CBP storage facility for seized property at JFK.

Following the destruction of the handbags, the Director of Fines, Penalties and Forfeiture at JFK sent Pacific a Notice of Penalty or Liquidated Damages Incurred and Demand for Payment.  The notice demanded, pursuant to 19 U.S.C. § 1526(f), that Pacific pay civil penalties for violation of § 1526(e) in the amount of $ 105,750.00.  The notice further stated that Pacific had the right to object to the imposition of the fine if Pacific felt that there were extenuating circumstances and that any objections should be sent to the Director of Fines, Penalties and

---

[4] Indeed, Defendants point out that at no time during the summer of 2005 did Pacific inform CBP that it desired judicial review of CBP's determination that the handbags were counterfeit and therefore subject to administrative forfeiture.  However, the Court notes that the final administrative action notice, (Nackman Decl. Ex. 9), although it does mention federal courts, does not reference 19 U.S.C § 1514 or § 1515, which describe the bases for protesting decisions of the Customs Service, or 28 U.S.C. § 2631, which lists the persons entitled to commence a civil action in the Court of International Trade.

Forfeiture at JFK within sixty days.

A second copy of the Notice of Penalty was sent to Pacific on March 27, 2006, which advised Pacific that if no response was received within thirty days, the matter would be referred to the Office of the U.S. Attorney, Department of Justice, for collection proceedings.[5] Pacific responded to the March 27, 2006 letter by requesting more time in which it could respond to the Notice of Penalty. However, when no response was received by May 1, 2006, the Director of Fines, Penalties and Forfeiture at JFK sent a Final Notice advising Pacific that if the $ 105,750.00 penalty, or a petition for relief, was not filed with CBP within thirty days, then the case would be referred to the U.S. Attorney for collection proceedings.

Pacific, through its attorney, contacted CBP within thirty days and requested an extension of time in order to file a petition contesting the imposition of the civil penalty. The request was granted and on June 9, 2006, Pacific's attorney submitted a petition challenging CBP's determination that the handbags were counterfeit and the CBP's subsequent imposition of civil penalties. The Director of Fines, Penalties and Forfeiture at JFK forwarded Pacific's petition to the Penalties Branch of CBP's Office of Regulations and Rulings for review. The cover letter from the Director summarized the history of the case and also indicated that this was Pacific's first violation of 19 U.S.C. § 1526 and that until this point, Pacific had a good importation record.

The Chief of the Penalties Branch replied to the Director of Fines, Penalties and Forfeiture at JFK by letter dated March 16, 2007. The letter set forth CBP's final determination

---

[5] Pacific maintains that it did not receive the initial Notice of Penalty, however, Defendants have submitted a copy of a return receipt and a letter from Allen Zhang of Pacific Channels Group showing that the March 27, 2006 letter was delivered to Pacific.

that the goods were properly seized under § 1526(e) and that the imposition of civil penalties under § 1526(f) was justified. The letter, however, concluded that circumstances existed, namely that this was Pacific's first violation, which permitted mitigation of the assessed penalty to $ 10,575.00. The Director forwarded the letter to Pacific's attorney. The Director's cover letter advised Pacific that the civil penalty had been reduced to $ 10,575.00 and demanded payment of the reduced amount within thirty days. The Director's letter also advised that if payment was not made, then the full penalty would be enforced against Pacific in a collection action.

After receiving the Director's letter and the CBP's final decision, Pacific responded by letter dated April 22, 2007, stating that it now desired judicial review of CBP's actions and assessment of penalties. Thus, on May 4, 2007, Pacific filed a Complaint in the District of New Jersey seeking relief from the CBP's administrative actions and assessment of civil penalties under § 1526(f). In lieu of an answer, Defendants responded by moving to dismiss Pacific's Complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim on which relief can be granted.

## II.  DISCUSSION

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the issue is the district court's "power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As such, federal courts may only hear actions when authorized to do so by the Constitution of the United States or by federal statute. Id. The plaintiff bears the burden of establishing the district court's subject matter jurisdiction. Mortensen, 549 F.2d at 892. However, if the district court's power to hear the action cannot be

established, then subject matter jurisdiction is lacking and the action must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

A district court is not authorized to hear an action when Congress has vested exclusive jurisdiction over the action in another court, such as the Court of International Trade. Section 1581 of Title 28 of the United States Code grants exclusive jurisdiction over certain actions to the Court of International Trade. Specifically, subsection (a) grants the Court of International Trade "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." 28 U.S.C. § 1581(a). Section 1515, in conjunction with 19 U.S.C. § 1514, provides for review of protests against decisions of the Customs Service. Any person who has filed a protest pursuant to 19 U.S.C. § 1514 may contest the denial of that protest by commencing a civil action for review in the Court of International Trade. 28 U.S.C. § 2631(a). Therefore, any person who wishes to protest "the exclusion of merchandise from entry or delivery," 19 U.S.C. § 1514(a)(4), may seek administrative review of the Customs Service's actions under 19 U.S.C. § 1515, and if the protest is denied, may commence an action for review in the Court of International Trade, 28 U.S.C. § 2631(a), which will have exclusive jurisdiction over the action, 28 U.S.C. § 1581(a). Thus, to the extent that Pacific's Complaint seeks to challenge CBP's underlying forfeiture of the seized handbags, it must do so in the Court of International Trade because Congress has not authorized this Court to hear such an action. Cf. Haddad Mfg. Co. v. Gucci, Inc., 651 F. Supp. 1277, (D.N.J. 1987) (dismissing action to recover luggage seized by the United States Customs Service for lack of subject matter jurisdiction because exclusive jurisdiction over the action had been vested in the Court of International Trade).

Similarly, subsection (*i*) of 28 U.S.C. § 1581 states that "the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . administration and enforcement with respect to matters referred to in paragraphs (1)-(3) of this subsection . . . ." 28 U.S.C. § 1581(*i*)(4). Paragraph (3) of subsection (*i*) deals with "embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety." Consequently, any civil action commenced against the United States, its agencies, or its officers that seeks review of a CBP decision to impose civil penalties pursuant to § 1526(f) must be brought in the Court of International Trade because § 1526(f) is a law of the United States that provides for the administration and enforcement of the embargoes or other quantitative restrictions on the importation of merchandise created by § 1526(e).

The conclusion that actions seeking review of the imposition of civil penalties under § 1526(f) may only be brought in the Court of International Trade is supported by <u>Sakar International, Inc. v. United States</u>, 466 F. Supp. 2d 1333 (Ct. Int'l Trade 2006) (finding that the Court of International Trade had subject matter jurisdiction over an action contesting the imposition of a civil penalty under 19 U.S.C. § 1526(f)). The facts in <u>Sakar</u> are very similar to the present matter. In <u>Sakar</u>, CBP agents at the Port of Newark, New Jersey seized a shipment of electronics for alleged violations of 19 U.S.C. § 1526(e) because they bore what appeared to be a counterfeit trademark. 466 F. Supp. 2d at 1335. Sakar then petitioned CBP for relief from forfeiture, but the petition was denied. <u>Id.</u> Sakar did not exercise its right to demand that CBP initiate a judicial forfeiture proceeding, so CBP destroyed the counterfeit merchandise and

initiated an administrative civil penalty proceeding under § 1526(f). Id. at 1336. Only after the merchandise had been destroyed and civil penalties imposed did Sakar file an action in the Court of International Trade seeking review of CBP's penalty determination. Id. The United States responded by moving to dismiss Sakar's Complaint on the grounds that the Court of International Trade lacked subject matter jurisdiction over the action. Id. at 1337.

  The court found, however, that it possessed subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1581(*i*)(4). Sakar, 466 F. Supp. 2d at 1341. As previously noted, § 1581(*i*)(4) grants the Court of International Trade exclusive jurisdiction to hear cases against the United States, its agencies, or its officers, that arise out of a law providing for the "administration and enforcement" of the matters referred to by the statute's other subsections. The court focused on subsection (*i*)(3), which deals with "embargos or other quantitative restrictions on the importation of merchandise for reasons other than protection of public heath or safety," and posited that § 1581(*i*)(4) would "confer jurisdiction over [the] case if [19 U.S.C. § 1526(e)] were deemed to provide for embargoes or other quantitative restrictions." Id. at 1342. After a lengthy discussion of relevant case law, the court determined that § 1526(e), in conjunction with the related provisions of 15 U.S.C. § 1124, did indeed "create[] an embargo on the importation of counterfeit goods for reasons other than the protection of public health or safety." Id. at 1346. Based on this determination, the court concluded that it possessed subject matter jurisdiction over the case because § 1526(f) "provid[es] for administration and enforcement of the import prohibition established by [§ 1526(e)]" and Sakar's cause of action arose out of § 1526(f). Id. at 1346.

  Because 28 U.S.C. § 1581 confers exclusive jurisdiction on the Court of International

10

Trade and the Sakar court found that § 1581 granted it subject matter jurisdiction over an action seeking review of CBP's imposition of civil penalties under § 1526(f), it follows that a district court in the District of New Jersey cannot have subject matter jurisdiction over the same type of action.  In this case, Defendants have submitted that the handbags were seized pursuant to 19 U.S.C. § 1526(e) and that they then initiated administrative proceedings against Pacific.  These proceedings resulted in the forfeiture of the seized handbags, after CBP determined that the handbags were counterfeit productions, and the imposition of civil penalties for Pacific's violation of § 1526(e), which Pacific now challenges.  Thus, since Pacific's Complaint is seeking review of CBP's imposition of civil penalties under § 1526(f), this Court lacks subject matter jurisdiction and Pacific's Complaint must be dismissed because the Court of International Trade has exclusive jurisdiction over this action.

      Pacific's assertion that this Court has subject matter jurisdiction to review CBP's actions under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, is unavailing.  The APA only grants a district court subject matter jurisdiction to review agency action when Congress has not provided another method for review and when Congress has not specifically excluded review.  See Califano v. Sanders, 430 U.S. 99, 105-107 (1977).  Review by the district courts would be specifically excluded when exclusive jurisdiction has been designated to another forum.  See United States v. Troup, 821 F.2d 194, 198 (3d Cir. 1987).  As previously discussed, Congress specifically designated the Court of International Trade as the exclusive forum for review of a contested forfeiture under 19 U.S.C. § 1526(e) or a CBP decision to impose a fine under § 1526(f).  Consequently, the only court that can properly review CBP's actions in this case is the Court of International Trade.

Because Congress has vested exclusive jurisdiction in the Court of International Trade, Pacific's argument in its Opposition Brief that this Court has subject matter jurisdiction to review CBP's forfeiture of the handbags pursuant to 28 U.S.C. § 1355 is similarly unavailing. Pacific correctly notes that § 1355 grants district courts original jurisdiction over actions for the recovery or enforcement of any fine, penalty, or forfeiture. However, Congress carved out an exception within § 1355, excluding from the district courts' jurisdiction over forfeiture actions any "matters within the jurisdiction of the Court of International Trade." 28 U.S.C. § 1355(a). Therefore, § 1355 does not provide this Court with subject matter jurisdiction over Pacific's causes of action. Because Pacific has not met its burden in establishing this Court's subject matter jurisdiction, Pacific's Complaint must be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

Therefore, for the reasons set forth above, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) will be granted and Plaintiff's Complaint will be dismissed. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: November 28, 2007